IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| K.V. & S.V., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 07-0228-CV-W-DW |
| | ) |
| WOMEN'S HEALTHCARE | ) |
| NETWORK, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Plaintiffs' Motion to Remand to State Court (Doc. 3). For the following reasons, the Court grants the motion.

Plaintiffs filed a multi-count Petition for Damages in the Circuit Court of Jackson County, Missouri related to the alleged disclosure of certain private or confidential information by Defendants. In Count IX of the Petition, entitled "Negligence & Negligence Per Se," Plaintiffs claim that "[t]he access to and the disclosures of confidential health information were made in violation of Mo. Rev Stat. § 491.060 and HIPAA." In their Notice of Removal, Defendants assert that jurisdiction exists under 28 U.S.C. §§ 1331 and 1441 because of Plaintiffs' reference to the Health Insurance and Portability and Accountability Act ("HIPAA").

The mere presence of a federal issue in a state cause of action does not automatically confer federal jurisdiction. See Merrell Dow v. Thompson, 478 U.S. 804, 813 (1986). Merrell Dow indicated that a state law claim based on the violation of a federal law that lacks a private cause of action may not give rise to federal question jurisdiction. Here, the parties concede that various courts around the country have determined that there is no express or implied private

cause of action under HIPAA.[1] Additionally, the state law claim raised in Count IX does not raise a substantial federal question of great federal interest. The privacy standards imposed by HIPAA are not uniquely federal and do not raise any issue of great federal interest. Further, it is not clear that resolution of Count IX *necessarily* depends on resolution of a substantial question of federal law as it states an alternate state-law based theory of recovery that does not depend on resolution of a federal question at all. Accordingly, the Court finds that the Petition in this case did not invoke the federal courts' "arising under" jurisdiction.

Plaintiff also requests attorneys fees and expenses in the amount of $1,800.00 incurred as a result of removal of this case from state court. While 28 U.S.C. § 1447(c) authorizes the award of just costs and actual expenses to plaintiffs, the Court declines to award them in this case.

Accordingly, the Court GRANTS Plaintiffs' motion and REMANDS this case to the Circuit Court of Jackson County, Missouri. The Court DENIES Plaintiffs' request for attorneys fees and expenses under 28 U.S.C. § 1447.

Date:  June 6, 2007  /s/ DEAN WHIPPLE
Dean Whipple
United States District Court

---

[1] See, e.g., Acara v. Banks, 470 F.3d 569 (5th Cir. 2006); Agee v. United States, 72 Fed. Cl. 284 (2006); Walker v. Gerald, 2006 WL 1997635 (E.D. La. June 27, 2006); Poli v. Mountain Valleys Health Ctrs., Inc., 2006 WL 83378 (E.D. Cal. Jan.11, 2006); Cassidy v. Nicolo, 2005 WL 3334523 (W.D.N.Y. Dec.7, 2005); Johnson v. Quander, 370 F. Supp. 2d 79 (D.D.C. 2005); Univ. of Colo. Hosp., 340 F. Supp. 2d 1142 (D. Colo. 2004); O'Donnell v. Blue Cross Blue Shield of Wyo., 173 F. Supp. 2d 1176 (D. Wyo. 2001); Means v. Ind. Life & Accident Ins. Co., 963 F. Supp. 1131 (M.D. Ala.1997); Wright v. Combined Ins. Co. of Am., 959 F. Supp. 356 (N.D. Miss.1997).